DESPLACES *vs.* GORIS and others.

A short sentence is not impertinent, although it contains no fact or material matter and may be only inserted in an answer from abundant caution.

The practice of taking exceptions for impertinence to trivial matter is not to be encouraged.

A statement in an answer introduced to show the temper with which a bill is filed and the oppressive course pursued by a complainant, is not impertinent : it may have an effect upon the costs.

Whatever is called for by the bill or will be material to the defence, with reference to the order or decree which may be made, is proper to be retained in an answer.

The principle, that a defendant, who denies some substantial leading fact, which, if admitted, would entitle the plaintiff to relief, and who cannot be compelled to answer further until the truth of the fact is disposed of, applies only to a case of an account of partnership transactions. And even there, a general denial of the partnership will not avail, if the bill charges that it would appear by a discovery from the defendant : Therefore, although a partnership in certain goods was denied, the defendant ought to have set forth at large certain letters, the bills of lading and invoice, as the means of better ascertaining whether the goods were partnership property.

Exceptions for impertinence must be supported in toto or fail altogether ; and an exception will be overruled, if it includes any one passage which is not impertinent.

*May* 1, 1832.

*Pleading and Practice. Exceptions.*

THIS case came up on exceptions to a master's report, founded upon exceptions to the separate answer of the defendant Louis Delestré Goris and the joint answer of the other defendants, Joseph W. Allen and John D. Clute. The questions involved principles of pleading which are explained in the opinion of the court. A statement of the allegations will also be sufficiently detailed in the decision.

Mr. *Thatcher T. Payne*, for the complainant.

Mr. *Charles Edwards*, for the defendants.

*August* 6. THE VICE-CHANCELLOR. Seven exceptions were taken to the answer of the defendant Goris : two for impertinence, and five for insufficiency, Upon a reference, the whole were allow-

ed; the defendant excepts to the master's report in respect to each exception so allowed.

1832.

DESPLACES
*v.*
GORIS.

To the answer of Allen and Clute, two exceptions are taken for impertinence, both allowed by the master; and his report is excepted to, in regard to each.

The defendant Goris denies, in his answer, that the goods in question in this cause are the goods which were ordered from abroad under the agreement between him and the complainant; and says, that he has no reason to believe but that the goods so ordered on their joint account will yet arrive, pursuant to the contract. He then adds, " and this defendant claims a right to " file a bill in the nature of a cross bill herein, when the same " shall arrive." And this short sentence is excepted to as impertinent. It will be observed, that this sentence contains no statement of fact; but, is merely the reservation of a right or claim and certainly free from the objection of prolixity. It may not be necessary or material as respects the future rights of the defendant, that such a claim should be put forth in the answer; but yet, out of abundant caution, it was inserted. I cannot say it was altogether improper. If it can be of no service to the defendant, it is certainly harmless as respects the complainant's rights; and I think the practice of taking exceptions to such trivial matter is not to be encouraged. This exception ought to be overruled.(*a*)

The second exception, reported to be well taken for impertinence but not for scandal, is to a more material part of the answer. Here, the defendant sets out the conduct of the complainant towards him, saying, that the complainant has publicly and falsely charged him with theft in relation to the goods and caused a notice to be sent to auctioneers (a copy whereof is annexed in a schedule) which prevented a sale of certain goods of the defendant's, at auction, where he placed them for sale, and that the complainant has also publicly declared he had written to other places so as to check the defendant's sales of property, if any were attempted to be made at such places. And all this he alleges to be in consequence of the complai-

---

(*a*) see *Del Pont* v. *De Tastet,* 1 *Turn.* and *Russ.* 486.

nant's suspicions and statements inequitably made in his bill. This statement appears to be introduced for the purpose of showing the temper with which the complainant has exhibited his bill; and that an unjust and oppressive course has been taken by him in relation to the matters in dispute. It cannot be said to be entirely irrelevant; for, if proved as stated, it may have some weight in determining the question of costs, which may be influenced, more or less, by the conduct of the parties: *Beames on Costs*, 161. (*n.*)

Since, therefore, it may have that effect, this part of the answer cannot be deemed impertinent; for, the true rule appears to be, that whatever is called for by the bill or will be material to the defence, with reference to the order or decree which may be made in the case, is proper to be retained in the answer: *Wagstaff* v. *Bryan*, 1 *Russell* and *M.* 28. The master should, likewise, in my judgment, have disallowed this exception.

The third, fourth, fifth and sixth exceptions, for insufficiency, depend upon the same principle and may be considered together. The defendant sets out, in his answer, the substance of one letter which he wrote and of another which he received from abroad; and he alludes to a bill of lading and an invoice of the goods in controversy which came to his hands. These several exceptions are taken, because the defendant has not set forth copies. The bill lays a sufficient foundation for these exceptions; and the question is, whether the defendant can excuse himself from setting forth the copies required, by denying, as he does, that the goods are partnership property or that the complainant has any interest in them?

The partnership agreement is admitted; and the circumstances are strong, in the first instance, to show that these goods came under the agreement. Notwithstanding the denial, the justice of the case certainly requires a full disclosure of all the evidence in the defendant's power.

Although it has been laid down as a principle that, if the defendant denies some substantial leading fact, which, if admitted, would entitle the plaintiff to relief, until the truth of that fact is disposed of, no further answer shall be compelled,

*Cooper*, 161 ; yet this appears to be confined to the case of a bill for an account of partnership transactions, where the defendant denies the fact of partnership, as in *Drew* v. *Drew*, 2 *Ves. & B.* 159: and even in such a case, if the bill should charge that the existence of the partnership would appear by certain documents or accounts in the possession of the defendant, of which a discovery is prayed, the defendant could not avoid answering as to such particular charges by a general denial. It was so held in *Evans* v. *Harris*, 2 *Ves. & B.* 361, and in *Saunders* v. *King*, 6 *Mad. R.* 61.

Upon the principle clearly shown in those decisions, I think the defendant is bound to set forth at large the letters, bill of lading and invoice of the goods, as the means of throwing some light upon the point in dispute, which is, whether the goods are partnership property or the individual property of the defendant, Goris. These four exceptions are properly allowed.

The seventh and remaining exception, I am of opinion, is not well taken. It appears to be broader than the bill: for I do not perceive it any where calls for this particular account of the goods ; and in the present stage of the suit, it does not seem to be necessary. I shall overrule the master in respect to his allowance of this exception.

Both exceptions to the answer of Allen and Clute, for impertinence, are to be regarded in the same light as the second exception to the answer of Goris ; and, for the same reason, should have been disallowed. It is true, there are some things set up in the parts of the answer here excepted to, which might better have been omitted ; and had the exceptions been confined to such parts or passages, I am inclined to think the latter ought to have been expunged. But the rule now is, that each exception for impertinence must be supported *in toto*, or must fail altogether ; and the exception must be overruled, if it includes any one passage which is not impertinent. This was held in the recent case of *Wagstaff* v. *Bryan*, before cited ; and it results from the practice in this Court, as well as in the English Court of Chancery, by the adoption of their new orders, which require that the parts of a pleading objected to as impertinent shall be particularly specified in exceptions ;

1832.

DESPLACES
*v.*
GORIS.

45

and being once specified, the exceptant is bound to support the whole. If this were not so, a party might be induced to file sweeping general exceptions on the chance of succeeding in relation to some small portion of the matter.

I must disallow the two exceptions to the answer of Allen and Clute, with costs of the reference and of the hearing.

The complainant is to be allowed his costs upon the reference of the four exceptions for insufficiency against the defendant Goris ; but, as there is almost an equality in the exceptions allowed and disallowed, I shall not give either party any costs upon the hearing.