JOLLY v. CARTER, Executor, &c.

If a defendant does not state facts in matter of avoidance or by way of defence with sufficient particularity to lay the foundation for proofs, the testimony he offers in support of such statement will be rejected and the complainant cannot be prejudiced by the insufficient matter.

Where a complainant avers the alienism of parties as a ground for their not being entitled under a will, it is not impertinent in a defendant, executor, to allege in his answer that the complainant (who also claims rights under the same will) is an alien.

An executor, in setting forth in his answer the account or inventory of the estate which came to his hands, should not add copies of the appraisers and executor's oaths and of the surrogate's certificate. These may serve as evidences of the correctness of the inventory, but in pleading in general, it is not necessary or proper to set forth the evidence on which the defendant means to rely. Such matter will be impertinent in pleading.

An executor who is called to account, is not subject to an exception for scandal and impertinence, for saying in his answer that some of the property is withheld from him by a forged deed possessed by the complainant: for his silence might prejudice him hereafter.

Fraud upon the provisions of a law or corrupt swearing, in order to come within the benefit of a statute, is matter which may be enquired of in equity; and, therefore, it is not impertinent and scandalous in an answer to say that fraudulent and corrupt means were pursued by the complainant to procure his naturalization and that, although he had gone through the form of becoming a citizen, yet he was still an alien.

Complainant succeeds upon only one of eleven exceptions. He is entitled to costs of drawing this one exception, but neither he nor the defendant has costs of the reference; but the latter has costs upon the exceptions to the master's report and of the hearing, subject to the complainant's costs on the hearing.

Exceptions to an answer. Eleven exceptions were referred to a master; and five were allowed, namely, the fourth, fifth, eighth, ninth and eleventh. The defendant now excepted to the report.

*October 6, 1834.*

*Pleading.
Exceptions.
Insufficiency.
Impertinence
and scandal.
Costs.*

Mr. *D. E. Wheeler* in support of exceptions to the master's report.

Mr. *H. S. Mackay*, contra.

1834.

JOLLY
v.
CARTER.

THE VICE-CHANCELLOR:—The fourth exception is not well taken. The clause in the answer, out of which it arises, is responsive, so far as it admits that he, the defendant, did advertise the real estate for sale under the power in the will; and the concluding sentence—" that he had made arrangement to sell the same to great advantage and for its full value, but was prevented by the conduct and interference of the complainant"—is new matter, offered by way of excuse or defence, and not called for by the bill. If there be any insufficiency about it or objection on the ground of its not being full and explicit enough to put the matters in issue, it will not do for the complainant to except. Where a defendant answers all that the bill requires of him and then goes on to state matter in avoidance or by way of defence, and the latter does not give facts with sufficient particularity to lay the foundation for proofs, the testimony, when offered in support of such a statement, will be rejected; and the complainant is not then, of course, prejudiced by the insufficient matter. On the other hand, if the complainant, for his own purposes, is desirous of having a further discovery of the facts to which such general averment in the answer refers, he should move to amend his bill in order to obtain it and not take exception to the answer as being insufficient.

I likewise differ with the master as to the eighth exception. The bill alleges that certain of the devisees named in the will are aliens and cannot take the property; and the complainant, for this reason, claims to be entitled to what would otherwise go to them; aad if he also be an alien, he is in a like predicament; and I do not see the propriety of rejecting, as wholly irrelevant and impertinent, an averment of the complainant's alienism.

The eleventh exception appears to have been properly allowed. In setting forth the account or inventory of the estate which came to the defendant's hands, it was unnecessary to set out copies of the appraisers and executors' oaths and of the surrogate's certificate subjoined. These may serve as evidences of the correctness of the inventory: but, in pleading, it is not necessary or proper to set forth the evidence upon which the defendant means to rely. Copies of these documents were unnecessary in this respect; and they

might, not only be objected to upon taxation as prolix, but also be excepted to as impertinent in pleading : *The Union Insurance Co.* v. *Van Rensselaer*, 4. Paige's C. R. 85.

With respect to the fifth and ninth exceptions taken for scandal as well as impertinence : it appears to me the master has erred in allowing them. The defendant, in the matter of the fifth exception, is called upon to give an account of the estate which belonged to his testator ; and when answering, in addition to what had come to his hands, he mentions certain leasehold property of which the testator died seized but which, as he says, the complainant now holds under a forged assignment. If the question of forgery is to be tried in this court, a cross-bill must be filed to set aside the assignment and a feigned issue can then be directed ; and to lay the foundation for such a bill, it is proper for the defendant to make this allegation in his answer. So, likewise, if the defendant should resort to an action of ejectment for the purpose of trying the question of validity of the assignment, it is not improper in him to state, at once, when called upon to give the particulars of the estate of which he has possessed himself or ought to have done so as executor, that a portion of it is withheld from him or is in the possession of the complainant by means of a forged instrument : for his silence at this time might prejudice his assertions hereafter, if not preclude him from his rights. Although the allegation of forgery reflects upon the character of the complainant to an amount of gross criminality, yet it is not impertinent matter, for the reasons I have given, and must not be expunged as scandalous.

The ninth exception relates to the complainant's alleged alienism and the suggested fraudulent and corrupt means pursued by him of procuring his naturalization papers. The answer says that although he, the complainant, has gone through the form of becoming a citizen, yet he is still an alien. Fraud upon the law or corrupt swearing in this particular appears to me to be matter which may be enquired into here, in opposition to claims which this party asserts as a citizen ; and to which he can have no right if he be an alien, provided the position taken in his bill, with regard to alien devisees, be correct. I am not prepared to say that

1834.

JOLLY
*v.*
CARTER.

the question of his alienism and the obtaining a false certificate of citizenship by means of subornation and perjury, are matters unimportant and irrelevant in this case; and, therefore, think the ninth exception should not have been allowed by the master.

The master's report must be overruled, except as to the matter of the eleventh exception.

As the complainant succeeds in sustaining only one of his eleven exceptions, he is entitled to the costs of drawing this one exception; but not to any costs of the reference: 63. Rule. Nor is the defendant entitled to costs on the reference against the complainant: because he should have submitted to the one exception finally allowed. But the defendant is entitled to his costs upon the exceptions to the master's report and of the hearing: subject, however, to an offset of the complainant's costs on the hearing, he having been obliged to come here for the purpose of sustaining the report in one particular and in which he has been successful.