EMILY McGUCKIN and others

*v.*

MILLER KLINE and others.

1. A bill alleged that a defendant was concluded by a decree in a former suit, and also insisted on such defendant answering the whole bill, including matters settled by that decree. The answer set up a denial of some of those matters.—*Held*, that such answer was not therefore impertinent, since it complied with the prayer of the bill.

2. Such defendant cannot avoid the effect of a former decree on the ground that he, as complainant therein, omitted certain *cestuis que trust* as parties in that suit.

3. Fraud in the consideration of a prior encumbrance, may be set up by a mortgagee in his answer, without filing a cross-bill; and a general allegation of such fraud is sufficient, where the fraud alleged is that the mortgage was given to defraud creditors, and was without consideration.

4. An answer may submit legal propositions arising on facts admitted by the bill or facts which it states.

Bill to foreclose. On exceptions to master's reports sustaining exceptions to answers for impertinence.

McGuckin *v*. Kline.

*Mr. J. R. Emery* and *Mr. G. Berry*, for the exceptions.

*Messrs. Magie & Cross, contra.*

The Chancellor.

The bill states in substance that Edmund B. McGuckin, on the 23d of April, 1860, was indebted to James B. McGuckin in the sum of $2,000, for money lent and advanced; that, in order to secure payment thereof, the former gave to the latter a deed of that date for an undivided third owned by him of certain land and premises described in the bill; that the deed, though absolute on its face, was intended for a mortgage; that it was acknowledged and was recorded as a deed on the 25th of April, 1860; that afterwards, Edmund B. McGuckin, he being still the owner in fee of the third before mentioned, procured partition of the premises to be made on his application, by proceedings before a justice of the supreme court, and in that partition certain tracts respectively designated as A and B, described in the bill, were assigned to him, whereby he became the owner thereof in severalty, subject to the mortgage to James B. McGuckin; that James B. McGuckin, by deed of conveyance, conveyed to the complainant Sherwood, on the 19th of May, 1871, his right, title and interest in the land, and that the indebtedness was also thereby assigned; that the conveyance and assignment were made to Sherwood for a valuable consideration, for the benefit of the other complainants, who are the wife and children of James B. McGuckin; that on the 1st of August, 1869, Edmund B. McGuckin mortgaged lot A to Garret Berry for $2,000; that Berry assigned the mortgage to Matthias Ludlow, who filed his bill to foreclose it, and purchased the mortgaged premises under the decree; that on the 1st of April, 1869, Edmund B. McGuckin mortgaged lot B to Jonas W. Tooker for $2,000, and on the 1st of October, 1869, he also mortgaged that lot to John T. Hewitt, who assigned the mortgage to Clark C. Dunham, cashier of the

30

Hunterdon County Bank, who assigned it to the defendant Miller Kline; that Kline filed his bill to foreclose that mortgage against Edmund B. McGuckin and his wife and Tooker and others, and obtained a decree for sale; that on the 22d of December, 1871, Kline filed a bill in this court against James B. McGuckin, Edmund B. McGuckin and the complainant Sherwood, to set aside the complainants' deed as fraudulent and void, and that by the decree in that suit it was adjudged that the deed was a security in the nature of a mortgage, and that $2,000, with interest from the date of the deed, were due on it, and that Kline might redeem, or might sell subject to the complainants' mortgage; that Kline did not redeem, but proceeded to sell, under his decree, and, at the sale, bought the property, and that both Ludlow and Kline took their deeds after the recording of the complainants' mortgage deed, and with full notice thereof, and hold the premises so bought by them respectively, subject to the lien of the complainants' mortgage. The defendants Kline and wife and Ludlow and wife have answered. To their answers exceptions were filed, and on reference to a master they were sustained. The cause comes before me on exceptions to the master's reports.

In the prayer for answer in the bill, the complainants call on the defendants to answer on oath as to all and singular the statements in the bill, as fully and particularly as if they were there again repeated, and the defendants and each of them thereto particularly interrogated, &c.

The answering defendants, by their answers, deny the statements of the bill as to the consideration, character and validity of the complainants' deed (which the complainants allege is a mortgage), and allege that the instrument is, in fact, what it purports to be, an absolute deed of conveyance for the land therein described, and not a mortgage; and they deny that any money was lent and advanced by James B. McGuckin, the grantee, to Edmund B. McGuckin, the grantor. And they allege that the deed was given without consideration and fraudulently, and with intent to defraud

McGuckin v. Kline.

the creditors of the grantor.   As to the answer of Kline and wife, objection is made by the exceptions that such denials and allegations are impertinent, in view of the fact that the bill states, and the answer admits, that the suit in this court mentioned in the bill brought by Kline to set aside the complainants' deed, resulted in an adjudication that the deed was, in fact, a mortgage to secure $2,000 and interest, and was a lien prior to the mortgages under which Kline claims.   But while the bill substantially alleges that Kline is concluded by the decree, it does not rest there, but insists on his answering the whole bill.

Under such circumstances the complainants cannot justly complain that the defendants have complied with the demand, and have followed the general rule which requires a defendant who undertakes to answer, to answer fully. *Emery* v. *Pickering, 13 Sim. 583; Attorney-General* v. *Foster, 2 Hare 81.*   What effect the adjudication referred to is to have in determining the issue, is another matter.   *Attorney-General* v. *Foster, ubi supra.*

Kline is bound by the adjudication, notwithstanding the fact that the *cestuis que trust* of Sherwood were not parties to the suit.   He instituted the suit, and made the trustee a party, and did not join the *cestuis que trust*, although he knew of the existence of the trust, and who the *cestuis que trust* were.   See *Kline* v. *McGuckin, 9 C. E. Gr. 411.*   If he chose to proceed to the final adjudication of the cause without making the *cestuis que trust* parties, the fact that they were not parties cannot avail him in an effort to avoid the effect of the decree.

But, further, as to the exception:   Whatever is called for by the bill, is proper to be retained in the answer.   *Desplaces* v. *Goris, 1 Edw. 350; Wagstaff* v. *Bryan, 1 Russ & M. 28; Hogencamp* v. *Ackerman, 2 Stock. 267.*   If the complainant calls for an answer to impertinent matter, he must take the answer, though it be impertinent.   *Woods* v. *Morrell, 1 Johns. Ch. 103.*

It is urged that if the part of the answers which attacks the complainants' mortgage is to be excused on the ground that the bill calls for it, it, nevertheless, should be expunged as impertinent, because it cannot avail the answering defendants. This objection is based on the ground that the answers set up fraud against the complainants' mortgage, and seek to set the mortgage aside for that reason, which, it is insisted, cannot be done by answer, but must be affected by means of a cross-bill. And it is further insisted that if the defence can be set up by answer, it is not so presented as to be available, inasmuch as it consists merely in the general statement that the deed was given voluntarily, without consideration, and with intent to defraud the creditors of the grantor.

The defence goes to the validity of the complainants' mortgage as a prior lien to the mortgages under which Kline and Ludlow claim. It may be set up under the answers just as well as could a defence which, admitting the validity of the complainants' mortgage originally, insists that it has been paid off, or otherwise satisfied, or virtually extinguished as against the defendants' title.

In *Dayton* v. *Melick, 12 C. E. Gr. 362,* it was held that a defence that the mortgagee materially misrepresented the contents of the mortgaged premises to the mortgagor on the sale thereof by the former to the latter, the sale having been by the acre, and the mortgage having been given for part of the purchase-money, might be set up by answer in a suit by the mortgagee against the mortgagor to foreclose the mortgage. See, also, *Hogencamp* v. *Ackerman, 2 Stock. 267; Ames* v. *N. J. Franklinite Co., 1 Beas. 66,* and *O'Brien* v. *Hulfish, 7 C. E. Gr. 471, 477.*

The present is only the case of one encumbrancer denying the validity, as against him, of the encumbrance of another. The statement of the answers is, that the complainants' deed was voluntary, without consideration, fraudulent and void, and that the design in giving it was to place the title to the property in the name of some other

McGuckin *v.* Kline.

person than the grantor, in order to cheat his creditors. This allegation is, in some respects at least, manifestly specific enough. *Johnson* v. *Helmstaedter, 3 Stew. 124.* But if not, it cannot affect the complainants injuriously.

In *Jolly* v. *Carter, 2 Edw. 209,* it was said that if the defence set up by an answer does not give facts with sufficient particularity to lay a foundation for proofs, the testimony, when offered, will be rejected, and the complainant is not then prejudiced by the insufficient matter.

The objection to the statement in the answers that the defendants had no notice of the complainants' mortgage, is not well taken. If, as to Kline, the question of notice has been adjudicated upon adversely to him, the record will effectually disprove this statement in his answer; and the production of the deed itself, with the certificate of recording thereon, may be proof of notice as to both Kline and Ludlow. But the bill states that they took their respective deeds of conveyance under foreclosure of the mortgages under which they claim, with full notice of the complainants' deed. The defendants, therefore, were called upon to answer on this point, or they were, at least, at liberty to do so. The statement in the answer of Ludlow and wife, that lot A was sold with full knowledge on the part of the complainant Sherwood; that he attended the sale and bid on the property, but neither he nor any other of the complainants gave notice that he or they had any claim on the property, is impertinent. It is wholly immaterial.

The objection to the statement in the answers that the defendants insist that, by the partition, the complainants' deed was "extinguished, and for nothing holden," should not prevail. The pleader evidently intended to plead that the effect of the partition was to deprive James B. McGuckin, who then held the title which the complainants now hold, of any title he may have previously had under his deed. The question is not whether the position can be maintained, but whether the statement of what the defendants regard as a legal proposition arising from the facts, is

impertinent. It is within the province of an answer to submit questions arising on admitted facts in the bill, or facts which it states. *Mitf. Pl. 15 ; Bennett* v. *Neale, Wight. 324.*

The objection to the prayer for relief in the answers, is well taken. An answer can pray nothing but to be dismissed the court. Of the exceptions to the answer of Ludlow and wife, the first and second will be allowed. The rest will be overruled. Of the exceptions to the answer of Kline and wife, the seventh will be allowed, and the rest will be overruled.